UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERCIA,** ) | |
| ) | |
| v. ) | No. 2:08 CR 110 |
| ) | |
| **MICHAEL BESSIGANO** ) | |

## **OPINION and ORDER**

Defendant Michael Bessigano has moved to dismiss count one of the indictment in this case. (DE # 21.) The government has responded (DE # 22), and defendant has now replied (DE # 23). For the reasons explained below, the motion will be granted.

Defendant's motion makes two arguments. First, defendant argues that count one of the indictment fails to state a violation of 18 U.S.C. § 1462, the statute under which he has been charged. (DE # 21 at 2-4.) Specifically, defendant asserts that the statute only criminalizes a person who uses an "interactive computer service . . . for carriage" and that what he is accused of doing, downloading obscene materials onto a computer, does not comprise "carriage." (*Id.*) Second, defendant contends that the indictment mixes up the two different portions of 18 U.S.C. § 1462, thereby charging him with two separate criminal offenses in one count. (*Id.* at 4-6.)

In response, the government argues that there is no support for defendant's definition of the term "carriage." (DE # 22 at 1-3.) And in opposition to defendant's second argument, the government claims that the indictment only charges him with one offense, and is easily understood, and that even if it is not clear, any confusion could be remedied through the use of specific jury instructions. (*Id.* at 3-4.)

Defendant replies that the government's reading of § 1462 is flawed, and that count one of the indictment is duplicitous, which should result in dismissal at this stage of the proceedings. (DE # 23 at 1-3.)

The court will not address defendant's first claim, as it is unnecessary to resolve the motion. That is because the court agrees with defendant's second argument, that the indictment appears to condense two offenses into a single count, making it duplicitous and confusing. An analysis of the indictment and the language of the statute reveals the problem. 18 U.S.C. § 1465 states that:

> Whoever brings into the United States, or any place subject to the jurisdiction thereof, or knowingly uses any express company or other common carrier or interactive computer service (as defined in section 230(e)(2) of the Communications Act of 1934), for carriage in interstate or foreign commerce--
>
> (a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character; or
>
> (b) any obscene, lewd, lascivious, or filthy phonograph recording, electrical transcription, or other article or thing capable of producing sound; or
>
> (c) any drug, medicine, article, or thing designed, adapted, or intended for producing abortion, or for any indecent or immoral use; or any written or printed card, letter, circular, book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly, where, how, or of whom, or by what means any of such mentioned articles, matters, or things may be obtained or made; or
>
> Whoever knowingly takes or receives, from such express company or other common carrier or interactive computer service (as defined in section 230(e)(2) of the Communications Act of 1934) any matter or thing the carriage or importation of which is herein made unlawful--

> Shall be fined under this title or imprisoned not more than five years, or both, for the first such offense and shall be fined under this title or imprisoned not more than ten years, or both, for each such offense thereafter.

*Id.* As odd as it sounds, the key word in this analysis is "or" used at the end of the fourth paragraph. Reading the statute in its entirety, and taking note of that particular word, it becomes clear that the statute creates two criminal offenses, with the description of each offense beginning with the term "Whoever." The first four paragraphs prohibit importing or transporting obscene material. *See id.* In contrast, the fifth paragraph prohibits *taking or receiving* obscene material. *Id.* Thus, the statute creates two different criminal offenses and criminalizes two distinct acts— sending or transporting obscene material via a common carrier, *or* receiving or taking obscene material, again, via a common carrier.[1]

The problem in this case is that the indictment muddles the two portions of the statute. The indictment reads:

> That beginning in or about February 2008, and continuing until on or about June 11, 2008, in the Northern District of Indiana . . .
>
> [the defendant] did knowingly use an interactive computer service for carriage in interstate commerce of obscene matters and materials. In particular, the defendant used an interactive computer service to receive obscene images and videos which contained bestiality that were downloaded into the Northern District of Indiana.

---

[1] Certainly some situations could arise where a defendant violates both portions of 18 U.S.C. § 1462, such as where he sends obscene material to himself, or, perhaps, orders and receives obscene material that will be delivered via a common carrier. However, this case does not present such a situation.

All in violation of Title 18, United States Code, Sections 1462.

(DE # 1 at 1.) Comparing the indictment to § 1462, the first sentence of the second paragraph, "did knowingly use an interactive computer service for carriage in interstate commerce of obscene matters and materials" almost explicitly tracks the language of the statute's first paragraph, which states that a person who "knowingly uses any . . . interactive computer service . . . for carriage in interstate or foreign commerce" of any obscene materials commits a crime. 18 U.S.C. § 1462; (DE # 1 at 1.) Thus, the first substantive sentence of the indictment appears to indicate that defendant is being charged with violating the first portion of § 1462.

But the next sentence in the indictment states, "In particular, the defendant used an interactive computer service to receive obscene images and videos which contained bestiality that were downloaded into the Northern District of Indiana." (DE # 1 at 1.) Of note in this sentence is the word "receive," which only appears in the second portion of § 1462, and which criminalizes the behavior of a person who "knowingly *takes or receives*, from such . . . interactive computer service . . . any matter or thing" that the first portion of the statue makes illegal. 18 U.S.C. § 1462 (emphasis added). This makes it plain that defendant's actions, "receiving obscene images and video" via "an interactive computer service" violated the second portion of § 1462, rather than the first.[2]

---

[2] In its response, the government explains that it indeed was attempting to only charge defendant with violating the second portion of § 1462, the offense of receiving obscene materials. (DE # 22 at 3 ("The indictment specifically charges defendant with using an interactive computer service to receive obscene images and videos.").)

Thus, it appears to this court that the indictment does in fact charge defendant under both portions of § 1462 within its one count. "An indictment that charges more than one offense in a single count is duplicitous." *United States v. Davis*, 471 F. 3d 783, 790 (7th Cir. 2006) (citing FED. R. CRIM. P. 8(a); *United States v. Tanner*, 471 F. 2d 128, 138 (7th Cir. 1972)). Courts take a dim view of duplicitous indictments because they may : 1) provide inadequate notice to the defendant about the nature of the charges against him; 2) prejudice any evidentiary rulings at trial; 3) complicate double jeopardy issues, due to unclear trial records; and 4) create the possibility that a jury may convict a defendant without reaching a unanimous verdict. *United States v. Kimberlin*, 781 F. 2d 1247, 1250 (7th Cir. 1985).

Here, defendant alleges that the indictment is confusing because it is not clear which portion of § 1462 he is being charged with violating. (DE # 23 at 2-3.) While the government seems to insist that it is only charging defendant under the second, "receiving" portion of § 1462, and argues that this is "abundantly clear" (DE # 22 at 3), the court disagrees. The first sentence of the indictment's second paragraph fails to use the term "receiving," and instead uses language that plainly and unnecessarily echoes the first portion of § 1462. This is unnecessarily confusing, and could mislead a jury about whether defendant is being charged with transporting obscene materials or just receiving them.

Furthermore, because defendant properly raised this issue before trial, the proper remedy is dismissal of the duplicitous count, rather than trying to clarify the

5

indictment via jury instructions. *See United States v. Adesida*, 129 F. 3d 846, 849 (6th Cir. 1997) (a duplicitous indictment can be dismissed only if the error is raised prior to trial). In addition, dismissal is also appropriate because the prejudice to the government is slight; this case does not appear close to running afoul of the statute of limitations, and the government will thus have time to file a corrected indictment. *See Davis*, 471 F. 3d at 790 (" If the indictment confused the defendant, the proper time to raise that objection was before trial, allowing the court an opportunity to correct the error and allowing the government to seek a superceding indictment.").

Defendant's motion to dismiss count one of the indictment (DE # 21) is **GRANTED**. The indictment in this case (DE # 1) is **DISMISSED**.

**SO ORDERED.**

**DATED:** November 4, 2008

    s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT